IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ROBERT S. HARRIS**,

    Plaintiff,

v.

**COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION**,

    Defendant.

No. CV 09-1229-HU

OPINION AND ORDER

**MOSMAN, J.**,

On March 1, 2011, Magistrate Judge Hubel issued his Findings and Recommendation ("F&R") (#21) in the above-captioned case recommending that I affirm the Commissioner's decision. Plaintiff filed objections (#23), and the government responded (#24). I adopt the F&R as my own opinion.

## STANDARD OF REVIEW

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*,

1 – OPINION AND ORDER

474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Mr. Harris makes two objections to the F&R. First, he argues that the ALJ improperly rejected the testimony of a treating physician, Dr. Jones. (Objections (#23) 2–3.) Second, he argues that neither the F&R nor the ALJ properly evaluated whether his impairments are equal to a listed disability. (*Id.* at 3–4.)

**I.    Dr. Jones's Testimony**

Mr. Harris raises two principal arguments about the ALJ rejecting Dr. Jones's testimony. First, he argues that the ALJ required the wrong standard of evidence to reject the testimony of Dr. Jones. Second, he argues that the F&R improperly adopted reasons not given by the ALJ.

**A.    *Standard of Review***

Mr. Harris incorrectly argues that the ALJ was required to provide clear and convincing reasons before rejecting Dr. Jones's testimony.

An ALJ must give clear and convincing reasons to reject the opinion of an uncontradicted treating physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). However, if the treating physician's testimony is "contradicted by another doctor," the ALJ can reject the testimony for specific and legitimate reasons. *Id.*

Dr. Jones was a treating physician. His opinion was contradicted by two reviewing doctors. Mr. Harris argues that being contradicted by a reviewing physician should not be enough to lower the standard of review for a treating physician. He argues that Dr. Jones's testimony should be treated as uncontradicted, so it can be rejected only with clear and convincing reasons. (Objections

2 – OPINION AND ORDER

(#23) 2.) This argument reads the phrase "contradicted by another doctor," as "contradicted by another treating or examining doctor." For support, he argues, "[s]tanding alone, the opinion of a non-examining doctor does not even constitute substantial evidence." (Objections (#23) 2.)

Mr. Harris's argument fails because it is contrary to the plain language in *Lester*. In addition, no one has suggested that the Dr. Jones's opinion was rejected solely based on the opinion of a reviewing doctor. The reviewing doctor's opinion merely lowers the standard by which Dr. Jones's opinion can be rejected. *See Lester*, 81 F.3d at 831. The F&R and the ALJ cite several pieces of evidence in the record that contradict Dr. Jones's opinion. (*See* F&R (#21) 34–36; AR 100.) Because Dr. Jones was "contradicted by another doctor," his testimony can be rejected for specific and legitimate reasons. *Lester*, 81 F.3d at 830. Mr. Harris has not objected that the reasons given were not specific and legitimate, so I do not address that argument.

  B. *Harmless Error Analysis*

Mr. Harris next argues that the F&R improperly relied on arguments that were not made by the ALJ. (Objections (#23) 3.) He argues that a district court is not free to invent reasons to affirm the Commissioner. (*Id.* at 3.) This is a variation of a harmless error argument; in effect he argues that the ALJ erred by rejecting Dr. Jones's testimony without providing sufficient reasons and that the F&R cannot supply additional reasons to show that the ALJ's lack of reasoning was harmless. For support he cites cases dealing with harmless error, principally *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050 (9th Cir. 2006).

*Stout* is inapplicable here. In *Stout* the court held that harmless error analysis cannot cure an ALJ's failure to give *any* reason to reject a witness. *Id.* at 1054–56. *Stout* expressly distinguished itself from cases like *Batson v. Commissioner of Social Security Administration*, 359 F.3d 1190 (9th Cir. 2004), where "the ALJ expressly discredited testimony but erred in doing so." *Stout*, 454 F.3d at 1054. If the ALJ has "provided specific reasons" for rejecting testimony,

3 – OPINION AND ORDER

"*Batson*, rather than *Stout*, controls." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1163 (9th Cir. 2008). Here, the ALJ expressly discredited Dr. Jones's testimony, rather than just ignoring it, so *Batson*, rather than *Stout* applies.

*Batson* and *Carmickle* provide a two-prong test to conduct a substantive harmless error analysis. *Id.* at 1162. "So long as there remains 'substantial evidence supporting the ALJ's conclusions on . . . credibility' and the error 'does not negate the validity of the ALJ's ultimate [credibility] conclusion,' such is deemed harmless and does not warrant reversal." *Id.* (quoting *Batson*, 359 F.3d at 1197) (alternations in original).

Here, Mr. Harris objects to only one argument not raised by the ALJ: that Dr. Jones failed to provide functional limitations. (Objections (#23) 3.) The F&R and the ALJ show that there remains substantial evidence opposing Dr. Jones's credibility. (*See* F&R (#21) 34–36; AR 97–100 (discussing evidence found in the F&R that the ALJ used generally rather than solely to determine Dr. Jones's credibility).) In addition, ignoring Dr. Jones's lack of functional limitations does not negate the validity of the ALJ's ultimate credibility conclusion because his testimony was still contradicted by medical evidence described by the ALJ. (*See* AR 97–100.) Because the alleged error survives the two prongs of the *Batson* test, I reject Mr. Harris's objection to the F&R's consideration of Dr. Jones's failure to provide functional limitations.

**II.**     **Equals, Not Meets, a Listing 1.04**

Mr. Harris objects to the F&R's finding that his impairments are not equal to Listing 1.04. He argues that while he does not "meet" Listing 1.04, he "equals" it, and alleges that both the ALJ and the F&R fail to distinguish these categories. (Objections (#23) 3–4.)

A claimant who has all the conditions in a listing "meets" the listing. To "equal" a listing, a claimant must have "symptoms, signs, and laboratory findings at least equal in severity and

4 – OPINION AND ORDER

duration to the characteristics of a relevant listed impairment." *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999) (internal quotations and citations omitted).

"An ALJ is not required to discuss the combined effects of a claimant's impairments or compare them to any listing in an equivalency determination, unless the claimant presents evidence in an effort to establish equivalence." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005). If the claimant has presented evidence to establish equivalence "the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).

The issue is whether Mr. Harris has presented evidence to establish equivalence, and whether the ALJ's explanation was adequate. The record contains only one piece of evidence suggesting that Mr. Harris presented evidence to establish equivalence. At the most recent hearing the ALJ asked Mr. Harris's attorney if he had any questions. He said:

> Attorney: Yes. And I might note, Your Honor, before I ask Ms. Wise [the vocational expert] a couple of questions – one of them I think you covered, but raise the issue at least, and it seems to me that I perhaps have failed to do that. I'm convinced that my client equals at least if he doesn't meet the requirements of 1.04 in the musculoskeletal listings of impairments, and so I'm simply raising that as—
>
> ALJ: Okay.
>
> Attorney: —but I would like—Ms. Wise, [continues unrelated discussion about hypothetical questions to the vocational expert.]

(AR 1117.)

This conclusory statement presented without supporting evidence or theory in a sentence fragment in an attorney's argument is insufficient. *See Tackett*, 180 F.3d at 1100 ("A generalized assertion of functional problems is not enough to establish disability at step three."). Because Mr. Harris did not meet his burden to present evidence in an effort to establish equivalence, the ALJ was not required to engage in any further discussion.

5 – OPINION AND ORDER

## CONCLUSION

Upon review, I ADOPT Judge Hubel's F&R (#21) as my own opinion, and I AFFIRM the Commissioner's decision.

IT IS SO ORDERED.

DATED this   13th   day of April, 2011.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court
